**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

MALICH REED                                                                                               PLAINTIFF
REG. #28371-177

V.                                          NO: 2:10CV00159 SWW/HDY

JOHN DOES                                                                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.      Why the record made before the Magistrate Judge is inadequate.

    2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of

>proof, and a copy, or the original, of any documentary or
>other non-testimonial evidence desired to be introduced at
>the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Malich Reed, an inmate incarcerated at the Three Rivers Federal Correctional Institution in Three Rivers, Texas, filed a *pro se* complaint on October 12, 2010, alleging that he was the victim of excessive force used by prison guards, and thereafter was held in an objectionable cell, when he was incarcerated at the Federal Correctional Institution ("FCI") in Forrest City. Defendants are Warden T.C. Outlaw, Capt. Breckon, and M. Jemmot, all from FCI-Forrest City.

Plaintiff also made a timely demand for a jury trial; however, before incurring the expense of money and manpower inherent in such a trial, the Court held an evidentiary hearing on April 24, 2012, to determine whether this case should proceed to a jury trial. Pursuant to the standard set forth in *Johnson v. Bi-State Justice Center*, 12 F.3d 133 (8th Cir. 1993), the Court has considered Plaintiff's testimony during the hearing to be true, drawn all appropriate inferences in Plaintiff's favor, and refrained from making any credibility determinations. *Id*. at 135-6. Viewing the evidence presented during the hearing in this light, the Court must now decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id., quoting Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 251-2

(1986). Considering the evidence introduced at the evidentiary hearing in the manner set forth above, the undersigned makes the following findings:

1. The events at issue in this lawsuit occurred on October 4, 2008, and in late November and early December of 2008, at FCI-Forrest City.

2. On October 4, 2008, Plaintiff was being held at the special housing unit at FCI-Forrest City. Plaintiff testified that he was in restraints when a use of force team led by Jemmott rushed into the cell, pushed him into a wall, and then slammed him to the ground. Plaintiff later was moved to a "hard" cell where his personal belongings were taken. Plaintiff remained in the cell until his transfer to another unit in December of 2008.

3. Plaintiff has in essence testified that he was subjected to excessive force by Defendants, and that he was subjected to unconstitutional conditions of confinement.

4. To establish a constitutional violation for the use of excessive force, Plaintiff must demonstrate that the force was used maliciously and sadistically to cause harm, rather than in a good faith effort to maintain or restore discipline. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Relevant factors include the need for force, the relationship between the need and the amount of force used, and the extent of injury inflicted. *See Whitley v. Albers*, 475 U.S. 312, 321 (1986).

5. Defendants provided a video of the October 4, 2008, incident, which was introduced as the Court's exhibit #1. Plaintiff has previously requested a copy of the video (docket entry #14). During a recess, Plaintiff viewed the video, and later testified that the video was of the incident at issue in this lawsuit. Although Plaintiff testified that the force used was excessive, the video clearly shows that the force used in the incident did not exceed that which was needed to maintain order and discipline. Plaintiff was removed from the cell after refusing to obey direct orders to accept a

cellmate.[1] The use of force was captured on the video, which shows that no more force was used than was necessary for Plaintiff to be fully restrained and removed from the cell. There are no facts from which a jury could find that Defendants acted maliciously and sadistically. The video also shows that a physicians' assistant was present prior to and during the incident, and that he examined Plaintiff for injuries after the incident. Although Plaintiff may believe the force was excessive, the video shows otherwise, and Plaintiff conceded that he had no significant injuries. The United States Supreme Court has held that when a party's version of events is blatantly contradicted by the record, including videotape, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment, but should view the facts in the light depicted by the videotape. *Scott v. Harris*, 550 U.S. 372, 380-381 (2007). Similarly, in the instant case, Plaintiff cannot create a fact issue for a jury to decide when the video clearly shows that no such issue exits. Thus, Plaintiff has failed to introduce sufficient evidence to create a fact issue to submit to a jury with respect to the use of force on October 4, 2008.

6. Plaintiff has also challenged the conditions of the "hard" cell. To prevail on a conditions of confinement claim, Plaintiff must show: (1) the condition was serious enough to deprive them of the minimal civilized measure of life's necessities, or to constitute a substantial risk of serious harm, and (2) officials were deliberately indifferent to the inmates' or detainees' health and safety. *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir.1996); *Frye v. Pettis County Sheriff Dept.*, 41 Fed.Appx. 906 (8th Cir. 2002)(unpub. per curiam). Although Plaintiff vaguely complained of the condition of the cell, he described no condition serious enough to deprive him of the minimal

---

[1] Approximately 10 seconds elapsed from the time officers entered Plaintiff's cell until he was fully subdued on the floor, with restraints being applied.

civilized measure of life's necessities, or that constitutes a substantial risk of serious harm. Moreover, according to the complaint, Plaintiff was only in the cell approximately two weeks, and he did not testify to any harm he sustained as a result of the time in the cell. Accordingly, Plaintiff has failed to introduce sufficient evidence to create a fact issue to submit to a jury with respect to the conditions of his cell.

7. Because Plaintiff failed to introduce sufficient evidence to create a fact issue to submit to a jury with respect to either the October 4, 2008, use of force, or his subsequent cell assignment, his complaint should be dismissed.

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to introduce sufficient evidence to create a fact issue to be submitted to a jury.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   25   day of April, 2012.

_____
UNITED STATES MAGISTRATE JUDGE